IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WENDY M. WACKER,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 2:04-CV-454 (TJW) |
| HEALTH CARE SERVICE CORP.,<br>    Defendant. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment (#15) and Motion to Strike (#19). For the reasons set out below, the Court denies both motions.

**I.    Introduction**

Defendant Health Care Service Corp. ("HCSC") moves for summary judgment on Plaintiff Wendy Wacker's ("Wacker") single claim - Title VII retaliation. HCSC's basis for summary judgment is that (1) Plaintiff cannot establish a prima facie case of retaliation, and (2) Plaintiff cannot establish that she would not have been terminated but for having allegedly engaging in protected activity. Defendant's assertions rest on a single principle – Wacker was terminated pursuant to a uniform workers' compensation policy and not by any retaliatory actions by HCSC.

**II.   Factual Background**

On or about March 5, 2004, Wacker sustained injuries to her hands, wrists, elbows, shoulders, and neck while performing her duties as a data verification supervisor. Soon thereafter, on March 10, 2004, due to her injuries, Wacker worked her last day at HCSC.

On March 11, 2004, HCSC sent Wacker a letter informing her that HCSC had approved Wacker's compensation medical leave of absence beginning on March 11, 2004. HCSC's Workers'

Compensation Policy provided:

> The employee will be placed on a Workers' Compensation Leave of Absence status with the Company after 10 consecutive work days of approved absence. This will not result in a reduction in the number of Paid Time Off (PTO) days accrued. The merit review date for non-exempt employees may be extended and for exempt employees, their merit increase may be prorated. After 26 consecutive weeks plus 10 working days of approved Workers' Compensation Medical Leave (per the Medical Leave Absence Policy) the employee will be terminated from the Company and Company paid wage benefits will end.

On September 3, 2004, HCSC sent another letter to Wacker informing her that HCSC's policies allowed Wacker to receive twenty-six continuous weeks of workers' compensation benefits and that, if at the end of the twenty-six weeks (in this case, September 22, 2004), Plaintiff was unable to return to work, her employment with HCSC would be administratively terminated and Wacker would be eligible for long-term disability benefits. Wacker did not return to work before September 22, 2004. Nor did she send any correspondence indicating her intent to return to work in the near future. Accordingly, Wacker's employment was terminated on September 22, 2004 upon which Wacker applied for, and received, long-term benefits with HCSC.

**III.   Applicable Law**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 650-51 (5th Cir. 2004). The moving party's burden on summary judgment is discharged "by showing–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden is then on the nonmovant to demonstrate with "significant probative evidence" that there is an issue of material fact warranting a trial. *Tex. Manufactured Hous. Ass'n v.*

*Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996).

IV.    **Analysis**

Wacker asserts that HCSC terminated her employment because she complained about her supervisor, whom Wacker alleges used religion and gender in making employment decisions. Wacker further asserts that her termination was a retaliatory move by her supervisor who learned of Wacker's complaints. The Court accepts Wacker's allegations as true for purposes of summary judgment.[1]

However, HCSC has pointed to a large number of cases that have held that termination, pursuant to a medical leave policy, when the employee does not return to work within the time required by the policy, is not discriminatory.[2] Of particular relevance is *Scott v. Memorial Sloan-Kettering Cancer Center*, 190 F. Supp. 2d 590 (S.D.N.Y. 2002). In *Scott*, the plaintiff alleged, among other things, that her employer fired her in retaliation for engaging in activity protected by Title VII. *Id*. at 592. The employer had a policy that required administratively terminating any employee who was absent from work for twenty-six weeks in any fifty-two week period. *Id*. at 593. After Scott exhausted all twenty-six weeks of leave, her employer administratively terminated her employment pursuant to its policies. *Id*. The district court dismissed Scott's retaliatory discharge claim, noting a lack of evidence rebutting the employer's claim that Scott was administratively

---

[1] Wacker is entitled to make statements based on her personal memory or personal belief. While some of her statements are irrelevant for the present motion, the Court will consider them on summary judgment - especially when the Defendant moves for summary judgment without taking Wacker's deposition.

[2] *See Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 952 (N.D. Ga. 1995) *(citing Harness v. Hartz Mountain Corp.*, 877 F.2d 1037 (6th Cir. 1989)); *Ulloa v. Am. Express Travel Related Servs. Co.*, 822 F. Supp. 1566, 1571 (S.D. Fla. 1993); *Shafinsky v. Bell Atl., Inc.*, 2002 WL 31513551 (E.D. Pa. Nov. 5, 2002); *Harris v. Smithkline Beecham*, 27 F. Supp. 2d 569 (E.D. Pa. 1998); *Evans v. NAPA Auto Genuine Parts Co.*, 2001 WL 1338353 (N.D. Tex. Oct. 17, 2001).

terminated for violating the employer's policy. *Id*.

In this case, HCSC has proved, even under summary judgment standards, that it has a standard policy for terminating employees who are absent from work for twenty-six consecutive weeks. Further, it is undisputed that Wacker was absent for work for more than twenty-six consecutive weeks and that HCSC's policy was applied in a straightforward manner as to Wacker. However, Wacker has alleged that HCSC does not uniformly apply its twenty-six week absence termination policy and that the policy was applied strictly to her and not to others. This assertion rebuts HCSC's conclusory statement that the policy has been uniformly applied. Thus, HCSC's failure to offer more than a conclusory statement asserting that it has applied its policy uniformly as to all employees is fatal to its motion for summary judgment.

Put another way, this Court is faced with conclusory assertions from both parties. Wacker asserts that HCSC has not applied its policy uniformly. If true, this would be evidence that might help to support a claim of retaliation. HCSC, on the other hand, makes conclusory allegations that every employee who was absent for twenty-six consecutive weeks was terminated in the same manner as Wacker was. If true, and in light of the cases cited above, Wacker would likely not be able to establish retaliatory conduct by HCSC. In keeping with summary judgement law, when faced with competing conclusory statements, the Court is required to accept as true the averments of the nonmovant.

That is not to say HCSC could never establish its position. However, HCSC did not provide any documentary evidence of any sort establishing that HCSC's policy is uniformly applied to all employees. Moreover, this evidence is uniquely in HCSC's possession. The Court simply will not shift the burden to Wacker at this stage of the litigation to prove that the policy has been applied differently as to other employees. Summary judgment is not warranted when HCSC has not

provided this critical information.³

In any event, Wacker has raised a genuine issue of a material fact as to whether HCSC uniformly applied its twenty-six weeks absence policy.  This fact issue precludes a finding of summary judgement.  Accordingly, the Court denies Defendant's motion.

SIGNED this  3rd  day of November, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

³ Of course, if such files exist, they are now extremely relevant given HCSC's position in their moving papers and should be produced to Wacker.